# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Sherry D. Starliper, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Michael Astrue, Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) <br> ) <br> _____) | Civil Action No. 9:11-1599-RMG <br><br> **ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her disability benefits under the Social Security Act from September 1, 2007 to the present. In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on May 21, 2012 recommending that the decision of the Commissioner be affirmed. (Dkt. No. 18). Plaintiff filed objections to the Magistrate Judge's R & R and Defendant filed a response. (Dkt. Nos. 20, 21). As set forth more fully below, the Court adopts the R & R of the Magistrate Judge and affirms the decision of the Commissioner.

## Legal Standards

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de*

-1-

*novo* determination of those portions of the R & R to which specific objection has been made. The Court may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of Social Security is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings . . . ." *Vitek*, 438 F.2d at 1157-58.

## Discussion

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") and her applications were administratively denied by the Social Security Administration. As a result of the proceeding before the Administrative Law Judge ("ALJ"), Plaintiff was determined to be disabled as of January 2, 2010, her fiftieth birthday, because her impairments limited her to sedentary work and such work is deemed unavailable at age 50 or

above pursuant to Medical Vocational Rule 201.10. Record (hereafter "R.") at 25-26. Thus, the time period in dispute in this appeal is from September 1, 2007 until January 1, 2010.

Plaintiff asserts three objections to the Magistrate Judge's R & R. First, Plaintiff contends that the Commissioner failed to accord proper weight to the claimant's treating physicians, Dr. Robert Person and Dr. Dana Wiley. It is well settled that the opinions of treating physicians are accorded special consideration in determining disability applications for Social Security. If the treating physician's opinion is well supported by clinical and diagnostic findings in the record and is not inconsistent with other substantial evidence in the case record, it is accorded controlling weight. 20 C.F.R. § 404.1527(c)(2). Even where the treating physician's opinions are not given controlling weight, special consideration is given to such factors as the physician's treatment history with the patient, consistency, the supportability of the opinion with other medical evidence and whether the physician is a specialist. *Id.* Further, the Commissioner pledges to provide "good reasons" for the weight accorded the opinion of any treating physician. *Id.*

Plaintiff is correct that the ALJ gave "very little weight" to the opinions of the claimant's treating psychiatrist, Dr. Wiley, that she was disabled from at least September 1, 2007. R. at 15. The ALJ carefully explained the basis of that judgment, noting apparent inconsistencies in Dr. Wiley's own notes that her patient was improving from the onset of treatment in November 2008 until Plaintiff suffered the unexpected death of her son in early 2010.[1] R. at 411-413. Further, Plaintiff's other treating physician, Dr. Person, a family physician, gave at least two opinions (on

---

[1] The record does indicate that Plaintiff's psychiatric condition did deteriorate following her son's death in early 2010 but this period is not in dispute since the Commissioner has deemed Plaintiff disabled as of January 2, 2010. R. at 481, 541.

October 20, 2006 and March 25, 2009) that her mental condition produced no work related limitation in function. R. at 294, 410. In short, there is substantial evidence in the record to support the finding of the Commissioner regarding the limited weight accorded the opinions of Dr. Wiley.

Plaintiff also challenges the Commissioner's failure to provide controlling weight to the opinion of Dr. Person of August 26, 2010 that Plaintiff's back impairments rendered her incapable of full time work since September 1, 2007. R. at 536. The ALJ notes significant conflicting evidence in the record and the absence of findings in Dr. Person's records at the time of the patient's treatment to support his subsequent opinion of disability. R. at 17, 19, 23-24. The record reveals the presence of substantial evidence to support the finding of the Commissioner regarding the weight accorded Dr. Person's opinions.

Second, Plaintiff asserts that the ALJ erred in stating that Plaintiff's original GAF score was 59, instead of 50, and that this error mandates reversal and remand since the ALJ referenced the GAF score to support his finding that Dr. Wiley's opinions should be accorded only very limited weight.[2] Plaintiff is correct that the ALJ twice mentioned the wrong GAF score and the difference between a 50 and a 59 could be significant in the GAF scoring system.[3] R. at 15, 23. The Defendant acknowledges the ALJ's error and asserts it is harmless. The Court has carefully reviewed the ALJ's single spaced 16 page order, which sets forth numerous facts to support his

---

[2] The Global Assessment of Functioning (GAF) Scale is one device used to measure overall psychological functioning.

[3] A score of 41-50 can demonstrate "serious symptoms" and a score of 51-60 can demonstrate "moderate symptoms." Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV") at 32 (4th Edition 1994).

conclusion that Dr. Wiley's September 20, 2010 opinion is not supported by Dr. Wiley's own records. R. at 15-16, 23. While the ALJ got the GAF score wrong, which was calculated in the original office visit of November 4, 2008, he accurately documented Dr. Wiley's numerous entries in the patient's record between November 2008 and December 2009 that her attention deficit disorder was improving, her affect was pleasant, she was less depressed and her sleep was appropriate. R. at 411-413. The Court finds there is substantial evidence in the record to support the findings of the Commissioner and the error regarding the GAF score was harmless and immaterial.

Third, Plaintiff objects to the hypothetical question posed by the ALJ to the Vocational Expert because it generally referenced sedentary and light work without explicitly describing Plaintiff's exertional limitations. The Court has reviewed the ALJ's hypothetical question to the Vocational Expert and finds that it adequately addresses the Plaintiff's limitations. R. at 76-78.[4] The Court also notes that Plaintiff's counsel asked a follow up question to the Vocational Expert utilizing the opinion report of Dr. Wiley. R. at 78-79. It appears that the critical dispute is not the substance of the hypothetical question but whether Dr. Wiley's opinions are to be given controlling weight. The Court finds that the hypothetical question was adequate and (as addressed above) the Commissioner's findings regarding the weight accorded Dr. Wiley's opinions are supported by substantial evidence.

## Conclusion

Based upon the foregoing, the Court hereby **ADOPTS** the R & R of the Magistrate Judge

---

[4] The Court notes that Plaintiff was deemed disabled on and after January 2, 2010 based upon this very question now challenged and the Vocational Expert's response. R. at 48-50.

and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

July 2, 2012
Charleston, South Carolina